**GATES RUBBER COMPANY, a Colorado corporation, Appellee,**

v.

**IRATHANE SYSTEMS, INC., a Minnesota corporation, Appellant.**

**No. 82–2178.**

United States Court of Appeals, Eighth Circuit.

Submitted May 18, 1983.

Decided June 30, 1983.

---

[*] The Honorable William R. Collinson, Senior United States District Judge for the Eastern and Western Districts of Missouri, sitting by designation.

**502**

Briggs & Morgan, Jeffrey F. Shaw, Elizabeth J. Andrews, Saint Paul, Minn., for appellee Gates Rubber Co.

Charles J. Noel, Jesse & Cosgrove, Minneapolis, Minn., for appellant Irathane Systems, Inc.; Joseph W. Anthony, Larkin, Hoffman, Daly & Lindgren, Ltd., Minneapolis, Minn., of counsel.

Before BRIGHT and McMILLIAN, Circuit Judges, and NICHOL, Senior District Judge.*

BRIGHT, Circuit Judge.

Irathane Systems, Inc. appeals from the trial court's order dismissing its fourth counterclaim against Gates Rubber Company. The district court dismissed the fourth counterclaim with prejudice on the grounds that Irathane's claims under strict liability and negligence theories could not be maintained in what the court deemed a contract

* FRED J. NICHOL, United States Senior District Judge for the District of South Dakota, sitting by designation.

action for "economic loss" under the Uniform Commercial Code.[1]

Irathane claims that *Superwood Corp. v. Siempelkamp,* 311 N.W.2d 159 (Minn.1981) does not bar a counterclaim for strict liability or negligence for damage to property other than that which is the subject matter of the contract. Irathane's fourth counterclaim asserts that on or about July 18, 1979, the defective lube spray and exhaust system sold to Irathane by Gates Rubber caused a fire in Irathane's plant. The counterclaim alleges that as a result of the fire, Irathane suffered damage to both real and personal property.

The damage asserted in the counterclaim is broad enough to encompass loss beyond that which is economic loss governed by the Uniform Commercial Code. *See Superwood Corp. v. Siempelkamp Corp., supra,* 311 N.W.2d at 162 (determining that economic losses arising out of commercial transactions are nonrecoverable "except those involving personal injury or damage to other property"); *Alfred N. Koplin & Co. v. Chrysler Corp.,* 364 N.E.2d 100, 107 (Ill. 1977) (same); *Seely v. White Motor Co.,* 63 Cal.3d 9, 45 Cal.Rptr. 17, 403 P.2d 145, 152 (Cal.1965) (same).

The district court apparently did not address this issue and differentiate between the loss caused to the system itself (economic loss) and the damage caused to other property. Accordingly, we vacate the district court's dismissal of Irathane's fourth counterclaim and remand this cause to the district court for a determination of whether the loss asserted in the counterclaim, or any portion thereof, relates to property damage other than that which is the subject of the contract claim between Irathane and Gates Rubber, and for further proceedings as may be appropriate.

1. The district court certified the ruling as final and immediately appealable under Rule 54(b) of the Federal Rules of Civil Procedure.